Nicholas M. Wajda (Cal. Bar No. 259178)
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OLIVER ROBINSON,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | Case No. '20CV2477 BEN AGS<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ*.**<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** Plaintiff, OLIVER ROBINSON, through his undersigned counsel, complaining of Defendant MIDLAND CREDIT MANAGEMENT, INC. as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

## PARTIES

4. OLIVER ROBINSON ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Cambridge, Maryland.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. MIDLAND CREDIT MANAGEMENT, INC. ("Defendant" or "MCM") is a corporation organized and existing under the laws of the state of Kansas.

7. MCM maintains its principal place of business at 350 Camino De La Reina, Suite 300, San Diego, California 2180.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## **FACTUAL ALLEGATIONS**

10. Plaintiff applied for and was issued a JCPenney credit card through Synchrony Bank.

11. Plaintiff made various personal charges to the credit card.

12. Due to unforeseen financial hardship, Plaintiff was unable to stay current on payments.

13. Shortly after, Plaintiff defaulted on his payments on the credit card ("subject debt").

14. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(6).

15. Thereafter, Defendant acquired the rights to collect on the defaulted subject debt.

16. On November 25, 2020, Defendant mailed Plaintiff a letter in an effort to collect the subject debt ("Defendant's Letter").

17. Defendant's Letter depicted, in pertinent part, as follows:



**MIDLAND CREDIT MANAGEMENT**
**LEGAL COLLECTIONS DEPARTMENT**

MidlandCredit.com
(877)-898-5001

Our Client: Midland Credit Management, Inc.
Original Creditor: SYNCHRONY BANK
Original Account No.: XXXXXXXXXXXX4112
Current Balance: $2,335.38
Internal Legal Account No.: 20-267348

Jessica H. Gibson, State Bar No. 1112140001
Nancy F. Loftus, Esq. State Bar No. 960104001
Bridget E.M. Mendrygal, State Bar No. 1506160209
Scott T. Whiteman, State Bar No. 0411040002

Oliver Robinson
P1 T2
001

11/25/2020
REF: SYNCHRONY BANK
Original Account Number: XXXXXXXXXXXX4112

Dear Oliver Robinson,

As attorneys with Midland Credit Management, Inc. legal department, we are contacting you regarding the collection of the above balance. Your SYNCHRONY BANK Account, owned by Midland Credit Management, Inc., has now been transferred to our legal collections department due to non-payment. We are currently reviewing documentation (including the attached documents) in preparation for filing a lawsuit against you.

Demand is hereby made upon you for the above payment IN FULL—this is the amount due on your original obligation when transferred to our department. Please send payment **Made Payable to Midland Credit Management, Inc.** by 12/05/2020. You may also make a payment online at MidlandCredit.com.

If we do not receive payment IN FULL by 12/05/2020, we intend to file a lawsuit against you, seeking entry of judgment for your account's outstanding balance as well as any incurred and recoverable court costs. We intend to continue our collection efforts through various post-judgment remedies available under your state's laws if a judgment is obtained against you. If you are unable to pay in full by 12/05/2020 please contact our office at (877)-898-5001 to discuss affordable repayment options.

18. Defendant's Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

19. As of the date of this Complaint, Defendant has not filed a lawsuit against Plaintiff for the subject debt.

20. Concerned about the threats Defendant has made and the escalation of Defendant's debt collection practices, Plaintiff retained counsel to compel Defendant to cease its unlawful conduct.

21. Defendant's conduct caused Plaintiff significant damages, including, but not limited to, emotional distress, mental anguish, and fear that he will be imminently sued for the subject debt which he could not afford to make a payment.

3

22. Unable to make payments toward the subject debt, Defendant's false threats and misleading information created harm by making Plaintiff feel scared and uncertain.

23. There is no question that knowing how a debt collectors is going to collect upon the subject debt is of substantive value and material to Plaintiff's financial and personal affairs.

24. The value of receiving unambiguous and complete information about one's financial affairs—and the ill effects of receiving ambiguous or misleading information—may be hard to quantify, but it is nevertheless a concrete harm. *See Haddad v. Midland Funding, LLC*, 255 F. Supp. 3d 735, 739 (N.D. Ill. 2017).

25. Based on the foregoing, Plaintiff was deprived of his right to receive critical information required by the FDCPA and was harmed as a result thereof.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

26. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

    **a. Violations of 15 U.S.C. § 1692e**

27. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt.

28. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to "take any action that cannot be legally taken or that is not intended to be taken."

29. Section 1692e(10) of the FDCPA prohibits a debt collector from using any "false representation or deceptive means to collect or attempt to collet any debt."

30. Defendant violated §§ 1692e(5) and e(10) by threatening to initiate a lawsuit against Plaintiff for the subject debt when it had no intention of initiating legal proceedings against Plaintiff.

31. Defendant's empty threat to initiate litigation against Plaintiff was deceptive. Defendant had no intent to initiate legal proceedings against Plaintiff and merely made the threat to coerce payment on the subject debt.

### b. Violations of 15 U.S.C. § 1692f

32. Pursuant to § 1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt."

33. Defendant violated § 1692f by employing unfair and unconscionable means to attempt to collect on the subject debt.

34. Specifically, Defendant's conduct in making empty threats to initiate legal proceedings to coerce payment on the subject debt is inherently unfair and unconscionable and is the precise conduct that the FDCPA was designed to punish.

35. As pled above, Plaintiff was harmed by Defendant's unfair collection practices.

**WHEREFORE**, Plaintiff requests this Honorable Court grant the following relief

A. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

B. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial;

C. Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

D. Awarding any other relief as this Honorable Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

DATED: December 21, 2020         Respectfully submitted,

**OLIVER ROBINSON**

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com